IN THE UNITED STATES DISTRICT COURT
FOR THE  MIDDLE DISTRICT OF ALABAMA
EASTERN  DIVISION

| | |
|---|---|
| HOLLY CASTEEL, | |
| Plaintiff, | Civil Action No. |
| v. | |
| FALCK USA, INC. D/B/A CARE AMBULANCE SERVICE D/B/A LIFESTAR RESPONSE OF ALABAMA, INC., HAYNES AMBULANCE OF MACON COUNTY, LLC, AND RODNEY BOLES | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES  NOW,  ("Plaintiff"  or  "Ms.  Casteel"),  by  and  through  her

undersigned counsel, and files this, her Complaint for Damages, and shows the Court

as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against

Defendant Falck USA d/b/a Care Ambulance Service and/or d/b/a Lifestar Response

of Alabama, Inc. (now, "Defendant Falck") Defendant Haynes Ambulance of Macon

County, LLC, (now, "Defendant Haynes") and Defendant Rodney Boles (now, "Defendant Boles"), (collectively, "Defendants") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and also certain applicable state law claims.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 2, 2021; the EEOC issued its Notice of Right to Sue on April 12, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a Female citizen of Alabama and the United States of America and is subject to the jurisdiction of this Court.

7.

Defendant Boles is a male citizen of Alabama and the United States of America and is subject to the jurisdiction of this Court.

8.

At all times relevant, Defendants Falck and Haynes were qualified and licensed to do business in Alabama, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendants Falck and Haynes have employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendants are therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant Falck may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 1517 West Braden Court Orange, CA 92868.

10.

Defendant Haynes may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 545 Hospital Drive Wetumpka AL, 36092.

11.

Defendant Boles may be served with process by delivering a copy of the summons and complaint to 765 Oswichee Rd., Seale, AL 36875.

**FACTUAL ALLEGATIONS**

12.

Plaintiff began working for Defendant Falck on or about February 11, 2019. Her last position was Advanced EMT.

13.

Plaintiff worked with Defendant Boles, who was also a paramedic with Defendant Falck. Defendant Boles also worked as a fireman for Columbus (Georgia) Fire Department.

14.

On multiple occasions while working for Defendant Falck, Defendant Boles frequently asked inappropriate questions about Plaintiff's sex life and would talk about female genitals around her. On one occasion, Defendant Boles suggested to Plaintiff that she sell her dirty undergarments to make extra money. Defendant Boles also repeatedly smacked women, including Plaintiff, on the backside.

15.

Defendant Falck chose not to take any steps to prevent or stop the harassment, continuing to employ Defendant Boles, despite its knowledge of his propensity to harass its employees.

16.

Defendant Falck had a contract to provide services to Columbus Fire Department and Plaintiff was assigned by Defendant Falck to work at the fire station with Defendant Boles.

17.

On or about September 29, 2020, Defendant Boles sexually assaulted Plaintiff while at the Columbus Fire station.

18.

Plaintiff reported the incident to her supervisor and the Human Resources Department at Defendant Falck and left work early. After some time, Plaintiff

followed up with Defendant Falck about the status of any investigation into the incident. Plaintiff was told by Defendant Falck that the investigation was closed because Plaintiff did not file a police report immediately after the incident.

19.

Plaintiff sought medical attention for the injuries she sustained from the assault and subsequently filed a police report against Defendant Boles. Other individuals came forward supporting her claims.

20.

Plaintiff repeatedly asked Kevin Haralson, her Regional Supervisor at Defendant Falck, about what it was going to do regarding the incident, and he responded that he was "not playing that game" and that they only had two stations in which to place her for work.

21.

Defendant Falck failed to take appropriate remedial actions to correct the sexual harassment.

22.

Based on the actions of Defendants Boles and Falck, Plaintiff did not feel safe at work and was forced to leave Falck and was constructively discharged on or about October 2, 2020.

23.

Defendant Haynes entered into a purchase agreement with Defendant Falck on or about September 18, 2020.

24.

Plaintiff and Defendant Boles were subsequently hired by Defendant Haynes. Upon hiring, Plaintiff informed her supervisors at Defendant Haynes of the sexual assault committed by Defendant Boles.

25.

Defendant Haynes still opted to hire/retain Defendant Boles despite Plaintiff's allegations against him and informed Plaintiff that they could not reject his application based on the present allegations and police report. Plaintiff was never informed if there was any investigation conducted by Defendant Haynes into the sexual assault.

26.

Plaintiff provided Defendant Haynes with a Court Protective Order that ordered Defendant Boles not to be within fifty (50) feet of her.

27.

Both the Scheduling Supervisor and Shift Supervisor of Defendant Haynes assured Plaintiff that Defendant Boles would be working different schedules and would be assigned shifts around Plaintiff's schedule.

28.

However, Plaintiff was never given the opportunity to choose her schedule with Defendant Haynes. In fact, Defendant Haynes discriminated and retaliated against Plaintiff by providing Defendant Boles advantageous work times and favorable locations, which lead to Plaintiff having to take shifts at more inconvenient locations and times.

29.

Plaintiff complained to management at Defendant Haynes that she felt she was being treated unfairly with scheduling given the circumstances of the sexual assault allegations and that Defendant Haynes had shown favoritism towards Defendant Boles. Defendant Haynes was not able to provide Plaintiff with a reasonable justification for Defendant Boles' more preferrable schedule.

30.

After Plaintiff complained to Defendant Haynes about her schedule and evident bias against her, Defendant Haynes retaliated against Plaintiff by placing a new paramedic with Plaintiff's team and transferring Plaintiff to a different location. This occurred even after both the new paramedic and Plaintiff's team members expressed concern to Defendant Haynes that they did not want this to happen.

31.

Defendant Haynes also promised Plaintiff that she and Defendant Boles would have a "no-contact" workspace. However, on certain occasions, after their shifts, Plaintiff and her work partner would have to personally hand off the ambulance they used to Defendant Boles for his shift.

32.

Based on Plaintiff's filed police report and a subsequent investigation by the Sexual Crimes Unit, Defendant Boles was charged and jailed on or about December 3, 2020. Defendant Boles was released on bond within twenty-four (24) hours.

33.

After the arrest, Defendant Boles was suspended from the Columbus Fire Department. However, Defendant Haynes continued to allow Defendant Boles to work shifts.

34.

Defendant Haynes also provided Defendant Boles with additional shifts to compensate for his suspension from Columbus Fire Department. Plaintiff had to continue to work around Defendant Boles schedule for available shifts.

35.

Based on the actions of Defendants, Plaintiff had a difficult time picking up enough suitable work shifts to justify continued employment and was forced to leave her position and was constructively discharged.

36.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., sex.

37.

Plaintiff was subjected to a hostile work environment by Defendants and was retaliated against by Defendants to her detriment. Defendants made insufficient efforts to protect Plaintiff from Defendant Boles and perpetuated continued negative influences on her work environment after the sexual assault.

38.

Defendants created a hostile work environment that Plaintiff was required to endure as a condition of her employment, and which caused extreme stress and humiliation.

## CLAIMS FOR RELIEF

## COUNT I:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

39.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

40.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

41.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

42.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

43.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

44.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

45.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

46.

Defendants' actions, as detailed above, in their above-referenced treatment and constructive discharge of Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

47.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

48.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful retaliation.

## COUNT III: NEGLIGENT AND WANTON FAILURE TO
## PREVENT SEXUAL HARRASSMENT

49.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

50.

Defendant Falck had a duty to Plaintiff to prevent sexual harassment in the workplace.

51.

By virtue of the aforementioned conduct by Defendant Boles, and the failure of Defendant Falck to prevent sexual harassment, Defendant failed to use ordinary care to prevent sexual harassment in the workplace, causing Plaintiff to be sexually harassed.

52.

The conduct of Defendant Falck was wanton and consciously or recklessly indifferent to the inevitable or probable consequences of its conduct in failing to remedy the harassment.

53.

Defendant Falck is thus liable to Plaintiff for damages to her peace, happiness and feelings sustained as a result.

## COUNT IV: NEGLIGENT AND WRONGFUL
## HIRING, RETENTION, AND SUPERVISION

54.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

55.

Defendant Falck knew, or in the exercise of ordinary diligence, should have known of the propensity of its employees, including Defendant Boles, to engage in sexually offensive conduct toward other employees, and Plaintiff in particular.

56.

Defendant Boles's actions were not wholly unrelated to his employment.

57.

Defendant Falck nevertheless failed and refused to act to protect Plaintiff from sexual harassment.

58.

Defendant Falck is thus liable to Plaintiff for all of the damages sustained as a result.

## COUNT V: RATIFICATION

59.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

60.

Defendant Falck knew, or in the exercise of ordinary diligence, should have known of the propensity of its employees, including Defendant Boles, to engage in sexually offensive conduct toward other employees, and Plaintiff in particular.

61.

Having knowledge of Defendant Boles's sexually offensive and tortious conduct, including batteries, Defendant CARE permitted the conduct to continue and retained Defendant Boles.

62.

As a result, Defendant Falck has ratified the sexually offensive conduct and is subject to liability for that conduct.

## COUNT VI: PROMISSORY ESTOPPEL

63.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

64.

By and through its sexual harassment policies, Defendant Falck promised to prohibit the type of conduct endured here by the Plaintiff, to also take allegations of sexual harassment seriously and to ensure those who file charges in good faith are not retaliated against.

65.

Defendant Falck should have reasonably expected Plaintiff to rely on the promise.

66.

Plaintiff did reasonably rely on the promise to her detriment.

67.

Injustice can be avoided only by enforcing the promise.

## COUNT VII: ASSUMPTION OF DUTY

68.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

69.

Defendant Falck has voluntarily assumed and undertaken the duty to prevent and eliminate sexual harassment in the workplace. Therefore, Defendant Falck has a legal duty to prevent and eliminate sexual harassment in the workplace in a non-negligent manner.

70.

The employer is in the best position to end sexual harassment in its workplace.

71.

By implementing a sexual harassment policy and disciplining employees for violations of the policy, sexual harassment is preventable.

72.

Employees depend on a harassment free working environment.

73.

Defendant Falck has voluntarily assumed a duty to investigate and remedy complaints of sexual harassment.

74.

Defendant Falck delegates authority to supervisors over employees.

75.

Sexual harassment should not be a condition of employment.

76.

Sexual harassment is socially harmful behavior.

77.

Plaintiff suffered harm due to her reliance on Defendant Falck to prevent sexual harassment.

78.

Plaintiff relied to her detriment on the fact that Defendant Falck undertook the duty to prevent sexual harassment.

79.

Defendant Falck's failure to exercise reasonable care increased the risk of harm to Plaintiff and other employees.

80.

Defendant Falck's failure to exercise reasonable care caused the Plaintiff to suffer harm from the sexual harassment.

## COUNT VIII: ASSAULT (DEFENDANT BOLES)

81.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

82.

On every occasion Plaintiff was apprehensive of a potential battery from Defendant Boles, Defendant Boles committed an assault against Plaintiff.

83.

Defendants are liable for all general and special damages proximately resulting from each assault of Plaintiff.

## COUNT IX: BATTERY (DEFENDANT BOLES)

84.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

85.

On every occasion Defendant Boles touched Plaintiff in an offensive manner without permission or other justification, Defendant Boles committed battery.

86.

Defendants are liable for all general and special damages proximately resulting from each battery of Plaintiff.

## COUNT X: INVASION OF PRIVACY

87.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

88.

The actions of Defendants give rise to the common law claim of Invasion of Privacy.

89.

Defendant Boles unjustifiably intruded upon Plaintiff's right to privacy by unreasonably interfering with her seclusion.

90.

Defendant Falck ratified Defendant Boles's actions.

91.

Defendant Falck is responsible for Defendant Boles's invasion of privacy because it negligently and/or wantonly supervised or retained Defendant Boles.

92.

As a direct and proximate cause of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, and/or shame and

embarrassment. Plaintiff's damages have been experienced in the past, and they will continue in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, wantonness, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(h) All other relief to which Plaintiff may be entitled.

Respectfully filed this 11th of July, 2022.

**BARRETT & FARAHANY**

s/ *John E. Tomlinson*

John E. Tomlinson
Alabama Bar No. 4095O78T

*Counsel for Plaintiff*

2 20th St. N, Suite 900
Birmingham, AL 35203
(404) 214-0120
john@justiceatwork.com